# Appendix

25283

ATTORNEY CODE # 04771
STATE OF ILLINOIS           )
                            ) SS:
COUNTY OF COOK              )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SELECT BUILD ILLINOIS, LLC, and IVAN HOLLE, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) NO. 14 CH 12026 |
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) |
| Defendants | ) ) |

### SUMMONS
### Please Serve:

Ace American Insurance Company
c/o Richard Franklin or agent of
436 Walnut St.
Philadelphia, PA 19106

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of the Circuit Court of Cook County, Richard J. Daley Center, Room 2102, 50 W. Washington St., Chicago, IL within 30 days after service of this summons, not counting the day of service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS **DOROTHY BROWN** SEP 2 4 2014
Clerk of Court _____

SEAL

Served By Deputy: _____

Date of Service: _____

Name Horwitz, Horwitz and Associates, Ltd.
State ARDC # 4771
Attorney for Plaintiff
Address 25 E. Washington
City Chicago, IL 60602
Telephone 312-372-8822

Received
ACE

OCT 02

Incoming Legal

## NOTICE TO PLAINTIFF

*Not less than 28 or more than 40 days after issuance of summons if amount claimed is $2500 or less; not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $2500.

## NOTICE TO DEFENDANT

1. This case will not be heard on the day for appearance specified above. If you have filed your written appearance or answer, you need not appear in person on that day.

2. If the complaint is notarized, your answer must be notarized.

3. On the day for appearance specified above, the following will occur:

    a. If you have not obeyed this summons, a judgment or an order of default will be entered against you. Judgment is entered only if the amount claimed is liquidated, the complaint is notarized, and a military affidavit is filed. Otherwise proof will be taken in Room _____ and judgment may be entered.

    b. If you are sued for $2500 or less you need not file an answer unless ordered to do so by the court. Your case will be assigned for trial after the day for appearance specified above in a courtroom designated by the Presiding Judge.

    c. In all other cases, if you have filed your appearance on time, you must answer not later than 10 days after the day for appearance specified above. On the day for appearance your case will be postponed 21 days to the Default-for-Want-of-Answer Call at 11:30 A.M. in room _____. On the Default-for-Want-of-Answer Call, if you have not filed your answer, your case will be postponed for trial on a date in a courtroom designated by the Presiding Judge.

4. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

25283

ATTORNEY CODE # 04771
STATE OF ILLINOIS      )
                       ) SS:
COUNTY OF COOK         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SELECT BUILD ILLINOIS, LLC, and ) | |
| IVAN HOLLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) NO. | |
| ) | |
| ACE AMERICAN INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME the Plaintiffs, Select Build Illinois, LLC and Ivan Holle, by attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., pursuant to 735 ILCS 5/2-701, and as their Complaint for Declaratory Judgment against Defendant ACE AMERICAN INSURANCE COMPANY, state as follows:

### THE PARTIES

1. Plaintiff Select Build Illinois, LLC, is a limited liability company and was formerly known as RCI Construction, LLC.

2. Plaintiff Ivan Holle is an individual who resides in the State of Illinois and is the tort plaintiff in an underlying lawsuit in the Circuit Court of Cook County, Illinois, County Department, Law Division, numbered 11 L 004355.

3. Defendant ACE American Insurance Company is an insurance company domiciled in the State of Pennsylvania. It is authorized to and does issue insurance policies in the State of Illinois and in Cook County.

4. Venue for this case in Cook County is proper pursuant to 735 ILCS 5/2-101 because ACE does business in Cook County and/or the transaction or a part thereof out of which the dispute arises occurred in Cook County, Illinois.

5. On May 30, 2007, Plaintiff Ivan Holle was employed by Plaintiff Select Build Illinois, LLC.

6. Select Build was a subcontractor to Realen Homes, L.P., and was performing carpentry work at a residential housing development in Illinois.

7. During the construction, a wall fell on Ivan Holle causing him severe injury, pain, and anguish.

8. Due to this work incident, Ivan Holle suffered career-ending injuries to his neck, back and shoulder. He has undergone surgery for his shoulder, and further procedures are recommended to fuse his lumbar vertebrae.

9. On April 27, 2011, Ivan Holle commenced a tort action against the underlying defendant Realen Homes, L.P., in the Circuit Court of Cook County, Illinois, County Department, Law Division, numbered 11 L 004355. On May 12, 2011, Holle filed the First Amended Complaint in that action.

10. Because the underlying defendant Realen Homes is bankrupt, Ivan Holle has agreed to pursue only Realen Homes's available liability insurance proceeds in the underlying tort action, as is permitted under the bankruptcy laws. *See In re Hendrix*, 986 F.2d 195 (7th Cir. 1993).

11. That insurance is with ACE American Insurance Company, but ACE contends that it can shift its obligations under its policy to Select Build so that it does not have to pay Realen Homes's ongoing defense costs in Holle's underlying tort action or provide any coverage for Holle's claim.

12. An actual controversy exists between the Plaintiffs and ACE concerning the parties' rights and obligations under the ACE policy, and pursuant to 735 ILCS 5/2-701, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as may be necessary.

## THE ACE INSURANCE POLICY

13. RCI Construction (now known as Select Build, the Plaintiff) was a Named Insured under a liability insurance policy issued by ACE American Insurance Company to Building Materials Holding Corporation, Policy XSL G21702S0A ("Policy"), for the period November 11, 2006 to November 11, 2007. A copy of the Policy is attached hereto as Exhibit A.

14. Pursuant to the Policy, Building Materials Holding Corporation and its numerous affiliated companies, including RCI Construction, were Named Insureds.

15. RCI Construction changed its name to Select Build Illinois, LLC, so Select Build is a Named Insured under the Policy.

16. The Policy was in full force and effect at the time of Ivan Holle's injury on May 30, 2007.

## REALEN HOMES IS AN ADDITIONAL INSURED

17. Realen Homes (the defendant in Holle's tort suit) had a Master Contract dated November 15, 2004 with Residential Carpentry, Inc. The Master Contract

obligated Residential Carpentry to make Realen Homes an additional insured under its insurance policies.

18. On or about January 21, 2005, with the consent of Realen Homes, Residential Carpentry Inc. assigned its rights and obligations under the Master Contract (including the obligation to make Realen Homes an additional insured) to RCI Construction, LLC (now known as Select Build, the Plaintiff).

19. Pursuant to the terms of the Master Contract and the "Who Is An Insured" provisions of the ACE Policy, Realen Homes became an additional insured (but not a Named Insured) under the ACE Policy.

### THE POLICY'S DEDUCTIBLE PROVISION

20. The ACE policy has a per occurrence coverage limit of $1.9 million above a retained limit or self-insured retention of $100,000. (Policy, Declarations bates-stamped page MARSH 0004).

21. But the Policy, at Endorsement No. 52, provides for a $1.9 million "Deductible Per Occurrence" above the $100,000 retained limit in certain situations. (Policy, Endorsement No. 52, Items 7 and 8.d., at Bates-stamped page MARSH 0102).

22. Specifically, the "Deductible Per Occurrence" is defined by Endorsement No. 52 as follows:

> "Deductible Per Occurrence" shall mean the amount of "ultimate net loss" under this policy which *you* have a duty to pay in excess of the "retained limit" and which arise from (i) any one "occurrence" to which insurance applies under this policy or (ii) "personal and advertising injury" sustained by any one person or organization.

(Policy, Endorsement No. 52 at Bates-stamped page MARSH 0102) (emphasis added).

23. "You" is defined by the policy as the Named Insured, that is, Building Material Holding Corporation and affiliates, including Select Build. (Policy, Form XS-6U91c at Bates-stamped pages MARSH 0009).

24. The "Deductible Per Occurrence" means the amount of "ultimate net loss" which the Named Insured has a duty to pay in excess of the retained limit . . ." The definition of "ultimate net loss" in the Policy states:

> "Ultimate net loss" means the total amount which the insured is *legally obligated to pay as damages* due to an "occurrence or offense arising out of covered clams or "suits" either by an adjudication or a settlement to which we agree in writing . . . .

(Exhibit B, ACE policy, Form XS-6U91c at Bates-stamped page MARSH 0025) (emphasis added).

25. Under the foregoing Policy provisions, "Deductible Per Occurrence" means the amount of *damages* that the Named Insured is legally obligated to pay due to a judgment or settlement on a claim covered by the policy in excess of the retained limit. The deductible provision, therefore, only applies to *claims against the Named Insured*, because only then might the Named Insured be legally obligated to pay damages.

26. The underlying tort suit by Ivan Holle is not against a Named Insured (for example, Select Build) but is against Realen Homes, an additional insured. Consequently, the Deductible Per Occurrence provision does not apply to Holle's suit against Realen Homes, and ACE has a coverage obligation of up to $1.9 million above the retained limit of $100,000.

### THE POLICY'S BANKRUPTCY CLAUSE

27. The Policy specifically provides in its "Conditions" section: "Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us [ACE] of our

obligations under this policy." (Policy at bates-stamped page MARSH 0018).

28. By including this Bankruptcy term in the insurance policy, ACE agreed to provide the obligated insurance coverage of $1.9 million regardless of any "bankruptcy or insolvency" of the insured, Realen Homes.

### THE POLICY'S PROVISIONS CONCERNING ALAE (Defense Expenses)

29. Under the Policy, the defense expenses of Realen Homes in the underlying tort action by Holle are part of what is called "allocated loss adjustment expense" or ALAE.

30. The policy provides for the Named Insured, rather than ACE, to pay the ALAE in certain circumstances. Paragraph 7 of Endorsement No. 52 provides:

> You [the Named Insured] will pay all sums the insured becomes legally obligated to pay within the Deductible Per Occurrence and all "allocated loss adjustment expenses" related to ***such claims***.

(Policy, Endorsement No. 52 at bates-stamped page MARSH 0102) (emphasis added).

31. As set forth above, a Deductible only arises on claims against a Named Insured (because only then is the Named Insured liable for damages). Under Paragraph 7 of Endorsement 52, quoted above, the Named Insured's obligation to pay ALAE arises on "such claims." "Such claims" refers to claims on which there might be a Deductible obligation—on claims against a Named Insured.

32. Because the underlying tort claim by Holle is against an additional insured, Realen Homes, not a Named Insured, the defense expenses of Realen Homes in the underlying action are not the obligation under the Policy of any Named Insured, such as Select Build.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs Select Build and Ivan Holle respectfully request this Honorable Court to declare and adjudge the controversy as follows:

a) Declare that the Deductible Per Occurrence provision of the Policy only applies to claims against Named Insureds;

b) Declare that the obligation to pay or reimburse ACE for allocated loss adjustment expenses under the Policy only applies to claims against Named Insureds;

c) Declare that Select Build has no obligation to pay or reimburse ACE for a Deductible in connection with the underlying tort action by Ivan Holle;

d) Declare that Select Build has no obligation to pay or reimburse ACE for Realen Homes's defense expenses in connection with the underlying tort action by Ivan Holle;

e) Declare that ACE has the obligation to provide coverage up to the per occurrence limit of $1.9 million in the underlying tort action by Ivan Holle; and

f) Grant any other relief that this Court deems just and equitable under the circumstances.

_____
Clifford W. Horwitz
**Horwitz, Horwitz, and Associates, LTD.**
25 E. Washington, Suite 900
Chicago, IL 60602
Office: (312) 372-8822